431 F.Supp. 88 (1977)
Cleo M. BRADFORD and Lajuan Gay Bradford, husband and wife, Plaintiffs,
v.
UNITED STATES of America ex rel. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, DIVISION OF LANDS AND MINERALS, State of Oklahoma ex rel. Commissioners of the Land Office, Pauline Street Johnson, Farmers Union Cooperative Royalty Company, a corporation, and Flag Oil Corporation of Delaware, a corporation, and Flag-Redfern Oil Company, a corporation, J. D. Lee, John S. Badger, F. Blair Thorpe Nuclear Corporation of New Mexico, a corporation, Defendants.
No. CIV-76-0973-D.
United States District Court, W. D. Oklahoma.
January 10, 1977.
*89 Larry M. Weber, Altus, for plaintiffs.
David L. Russell, U. S. Atty., by John E. Green, First Asst. U. S. Atty., Oklahoma City, Okl., for U. S. ex rel., etc.
Larry Derryberry, Atty. Gen., by Paul E. DeGraffenreid, Asst. Atty. Gen., Oklahoma City, Okl., for State of Okl., ex rel., etc.
Granville Tomerlin, Oklahoma City, Okl., for Farmers Union Cooperative Royalty Co.

ORDER
DAUGHERTY, Chief Judge.
This action was brought in an Oklahoma State Court to adjudicate a disputed title to real property in which the United States claims an interest. The United States thereafter removed the action to this Court and then moved to dismiss the same on the basis that this action against the United States, as authorized by 28 U.S.C. § 2409a, may only be brought in the District Courts of the United States; that as this action has been removed to this Court the jurisdiction of this Court is derivative and as the State Court had no jurisdiction originally over the United States this Court through the derivative removal process did not acquire jurisdiction to entertain the action against the United States; that as a result this action must be dismissed against the United States as requested by the said Motion of the United States. In response to said Motion to Dismiss Plaintiffs filed a Motion for Leave to File Amended Complaint to which an Amended Complaint was attached. The United States in response to said Motion for Leave to File Amended Complaint in this Court asserts same must be denied because having no jurisdiction herein the only Order this Court may enter is one dismissing the action against the United States.
The United States cites 28 U.S.C. § 2409a and the cases of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939) and Grand River Dam Authority v. Parker, et al., 40 F.Supp. 82 (N.D.Okla. 1941) in support of these positions. Minnesota v. United States, supra, provides:
". . . If Congress did not grant permission to bring this condemnation proceeding in a state court, the federal court was without jurisdiction upon its removal. For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."
In Grand River Dam Authority v. Parker, et al., supra, it is stated:
"The permission to sue the United States in a state court should be found only in clear and unambiguous language. In Minnesota v. United States, supra, it was contended that the statute there under consideration authorized suit in a court of the state. But the statute did not expressly give permission to sue in the state court."
These authorities appear to support the positions of the United States as above set out.
Hence, the Court should dismiss this action as to the United States for lack of jurisdiction, should deny Plaintiffs' Motion for Leave to File Amended Complaint herein for lack of jurisdiction to entertain same and sua sponte should remand the action to the State Court from which it was removed as to the remaining Defendants named herein for lack of diversity jurisdiction as it appears from the Amended Complaint presented by the Plaintiffs with their said Motion for Leave to File Amended Complaint that Plaintiffs are citizens of Oklahoma and some of the Defendants are likewise citizens of Oklahoma.